IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WINNIE THOMPSON,

    Plaintiff,

vs.                                            CASE NO. 3:10-cv-318/RS-EMT

CINCINNATI INS. CO.,
a foreign corporation,

    Defendant.
_____/

## ORDER

Before me is Plaintiff's Motion for Partial Summary Judgment (Doc. 67), Defendant's Response (Doc. 81), and Plaintiff's Reply (Doc. 86).

### Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d

1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Background

This is a common law bad faith action for failure to settle a claim between Plaintiff, the insured, and Defendant, the insurer.  Plaintiff alleges that in October 2007, Plaintiff was involved in an automobile accident that resulted in the death of Mr. Ronald Chavers.  Plaintiff was found liable for the wrongful death of Mr. Chavers, and Ms. Katie Chavers, as personal representative of the estate, was awarded $3,642,750.

It is alleged that Defendant "maintained full and exclusive control of the handling, settlement, investigation and defense" of the Chavers claims and "no offer to pay policy limits was extended for the death of [Mr. Chavers]."  Plaintiff contends that Defendant failed to "act fairly and honestly" and failed to "settle the claim against [Plaintiff] when it could have and should have done so (Doc. 1, Attach. 1, p. 3-4)."

Plaintiffs raise several issues in their Motion for Partial Summary Judgment (Doc. 67).  Except for the first issue regarding the Defendant's affirmative defense, each is a pure question of law.   As such, Plaintiff's Motion will be construed as a Motion for

Partial Summary Judgment as to Defendant's Affirmative Defense, and a Motion for Determination of Law.

## Analysis

1. **Common Law or Statutory Claim**

A plaintiff is allowed to seek remedies under both common law and statutory theories where an insurance company does not attempt to settle claims in good faith. However, no matter what claims are pled, a plaintiff is only entitled to one recovery. FLA. STAT. § 624.155(8); *Hogan v. Provident Life & Accident Ins. Co.*, 665 F. Supp. 2d 1273, 1288 (M.D. Fla. 2009).

Here, the complaint (Doc. 1, Attach. 1) does not specify whether Plaintiff's claims are the construct of statute or common law. The factual and legal allegations that are made could be the basis for either. In the Motion for Partial Summary Judgment (Doc. 67, p.4), Plaintiff has represented that the complaint seeks only a common law bad faith claim. Plaintiff's representation, therefore, clears up any ambiguity: this is a common law claim. Defendant's affirmative defense (Doc. 11, p. 5) regarding the statutory 60-day waiting period is inapplicable as a matter of law.

2. **Appointment of Personal Representative**

"Acts of a personal representative prior to his/her appointment may be validated upon appointment." *Univ. of Miami v. Wilson*, 948 So. 2d 774, 778 (Fla. Dist. Ct. App. 3d Dist. 2006). Thus, while settlement between a presumptive personal representative and the insured's insurance provider may not actually be consummated before appointment, "the statutory schemes governing . . . estate claims contemplate the

completion of settlement negotiations prior to court approval." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 675 (Fla. 2004). A personal representative of decedent's estate, as Plaintiff contends, was not necessary as a matter of law to conduct settlement negotiations and reach a tentative agreement.

In certain instances, a lawyer-expert may provide relevant information regarding the reasonableness of an insurance company's conduct in settlement activities. *See, e.g., Barry v. Geico Gen. Ins. Co.*, 938 So. 2d 613, 615 (Fla. Dist. Ct. App. 4th Dist. 2006) (where "a lawyer-expert in insurance bad faith" testified regarding the handling of a claim). And, it is possible that such an expert would be allowed to testify concerning issues surrounding the appointment of a personal representative. Specific boundaries regarding this type of expert testimony should be addressed at a later stage of the case.

3. **Duty of Settlement**

Defendant and Plaintiff both agree that Plaintiff had no legal obligation to make a demand to settle her claims. And, as a general proposition, it is the insurer's duty to initiate settlement negotiations. *Snowden v. Lumbermens Mut. Cas. Co.*, 358 F. Supp. 2d 1125, 1129 (N.D. Fla. 2003). This duty is subject to the totality of the circumstances test where the jury will have to weigh numerous factors in reaching their ultimate conclusion. *Id*.

4. **The Burden of Proof**

When an insurer is handling claims against its insured, it "has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Perera v. United States Fid. & Guar.*

*Co.*, 35 So. 3d 893, 898 (Fla. 2010) (citations and quotations omitted). This duty includes an obligation to settle "where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." *Id.* Breach of this duty may give rise to a cause of action for bad faith against the insurer. *Id.*

In general, the Plaintiff bears the burden of proving the elements of a claim for bad faith failure to settle an insurance claim by the "greater weight of the evidence." FLORIDA STANDARD JURY INSTRUCTIONS IN CIVIL CASES 404.2; *Id.* at 404.8. Principally, this involves establishing that there was a breach of the duty.

It is true, as Plaintiff asserts, that "the insurer has the burden to show . . . that there was no realistic possibility of settlement within policy limits." *GEICO Gen. Ins. Co. v. McDonald*, 315 Fed. Appx. 181, 183 (11th Cir. 2008) (*citing Powell v. Prudential Property and Casualty Ins. Co.*, 584 So. 2d 12, 14 (Fla. 3d DCA 1991)). This burden is shouldered by the insurer only for the issue of "the possible *outcome* of a settlement effort." *Id.* (emphasis added). The outcome of a settlement agreement goes to causation — the connection between the purported breach and damages.

In *GEICO*, the Eleventh Circuit found the following jury instruction proper:

> In your determination of whether [insurance company] acted
> in bad faith in the handling of the [claimant's] claim against
> [the insured] any question about the possible outcome of a
> settlement effort should be resolved in favor of [the insured].
> [Insurance company] has the burden to show that there was
> no realistic possibility of settlement within policy limits.

In all likelihood, if this case is to go to trial, this jury instruction and the Florida Standard Jury Instructions for insurer's bad faith would be issued together representing the two related, but different burdens, of proof in cases such as these.

Plaintiff's Motion for Partial Summary Judgment as to Defendant's Affirmative Defense (Doc. 67) is **GRANTED.** Plaintiff's Motion for Determination of Law is **GRANTED in part** as addressed in this Order.

**ORDERED** on April 12, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**