IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WINNIE THOMPSON,

    Plaintiff,

vs.                                    CASE NO. 3:10-cv-318/RS-EMT

CINCINNATI INS. CO.,
a foreign corporation,

    Defendant.
_____/

## ORDER

    Before me is Plaintiff's Motion in Limine (Doc. 97) and Defendant's Response in Opposition (Doc. 103).

    The touchstone of admissibility is relevance, "having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded in situations where "the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

    Here, Plaintiff seeks to exclude the admission of testimony or evidence relating to (1) Katie Chavers' behavior/duties; (2) Katie Chavers' contacts with her attorney Bob Kerrigan; and (3) Katie Chavers' and Dave DeMara's communications with the Chavers' insurance carrier.

When an insurer is handling claims against its insured, it "has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Perera v. United States Fid. & Guar. Co.*, 35 So. 3d 893, 898 (Fla. 2010) (citations and quotations omitted).  Under Florida law, an insurer's conduct in bad faith claims is judged by the "totality of the circumstances." *Snowden v. Lumbermens Mut. Cas. Co.*, 358 F. Supp. 2d 1125, 1127 (N.D. Fla. 2003).  This broad standard makes numerous issues relevant to the trier of fact's determination of an insurer's reasonableness.

Ms. Chavers, the representative of the decedent, is of critical importance to this case.  While Ms. Chavers' actions are not the focus of an insurance bad faith case, her actions are nonetheless relevant to the behavior of Defendant in attempting to settle the claim.  Inquiries into a claimant's prior conduct and motives are not per se irrelevant and prejudicial.  Rather, because the insurer has the burden to show that there was no realistic possibility of settlement within the policy limits, within the context of the "totality of the circumstances" test, the conduct of a claimant and her attorney may be relevant and admissible.  *Barry v. Geico Gen. Ins. Co*., 938 So. 2d 613, 618 (Fla. 4th DCA 2006).  *See also* C*ardenas v. Geico Cas. Co*., 2011 U.S. Dist. LEXIS 3475 (M.D. Fla. 2011) (*citing id.*) ("Although a bad faith claim derives from and emphasizes the duty of the insurer to the insured, the conduct of a claimant and the claimant's attorney is relevant to determining the realistic possibility of settlement.); *Mendez v. Unitrin Direct Prop. & Cas. Ins. Co*., 2007 U.S. Dist. LEXIS 98925 (M.D. Fla. 2007).

Likewise, Ms. Chavers' actions and the actions of Defendant's agent Mr. DeMara towards Ms. Chavers' insurance company are relevant.  At a minimum, they speak towards Ms. Chavers' ability to conduct discussions with an insurance company during this difficult time.  This is not unfairly prejudicial.

Plaintiff's Motion (Doc. 97) is **DENIED without prejudice**.  Objections to specific testimony or evidence not addressed in this Order may be raised at trial.  In addition, the objections above may be renewed at trial as the facts permit.

**ORDERED** on May 10, 2011.

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**